### 19624.   HOUSER *v.* HOUZE.

JENKINS, P. J.   1. Under the law of this case as laid down by this court in *Houze* v. *Houser*, 37 *Ga. App.* 639 (141 S. E. 220), the plaintiff was entitled to recover on showing an unauthorized rejection by the defendant of certain peaches tendered the defendant under the terms of the contract of purchase and sale.

2. The evidence authorized the jury to find that several loads of peaches of the size and quality specified by the contract of purchase and sale were tendered by the plaintiff vendor to the defendant, and rejected by him.   They were further authorized to find, from the evidence, that the number of baskets of peaches testified to by the plaintiff were gathered from the crop sold to the defendant, and were of the kind and quality specified by the contract, and that they were sold by the plaintiff, after rejection by the defendant and after notice to him, at a sum amounting to less than the contract price.   Under this evidence, the jury were authorized to find for the plaintiff in an amount representing the difference between the sum received by the plaintiff for the peaches and the contract price. While the evidence would have authorized the jury to find that both the peaches tendered to the defendant and the remainder of the crop were not of the kind and quality specified by the contract, there was evidence in behalf of the plaintiff which authorized a finding that they did meet the specifications of the contract.   The undisputed evidence that the plaintiff received a turn-out from the packing house of 1083 bushels and 497 crates from the remainder of the crop, which, after the alleged rejection by the defendant, amounted to 3156 baskets of the size specified by the contract, did not demand a finding that the peaches were not of the size and quality specified by the contract, in view of the testimony of the plaintiff and other witnesses that normally two baskets of the size sold to the defendant would pack one bushel or one crate of peaches.   These were questions for determination by the jury. See *Standard Growers Exchange* v. *Harris*, 159 *Ga.* 173 (124 S. E. 884).

3. The court properly admitted in evidence the record showing the number of peaches packed by the plaintiff at a packing house and sold to other parties after the rejection of a portion of the crop by the defendant,

since such evidence was admissible as establishing the amount of the plaintiff's damage.

4. The charge of the court was full and fair, the verdict is authorized by the evidence, and for no reason assigned can it be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 13, 1929. REHEARING DENIED FEBRUARY 21, 1930.

*C. L. Shepard,* for plaintiff in error. *S. M. Mathews,* contra.